IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LOCKE SUPPLY CO., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| and ) | |
| ) | |
| OKLAHOMA CITY COMMERCIAL ) | |
| DEVELOPERS ASSOCIATION, ) | |
| ) | |
| Intervening Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-24-00420-PRW |
| ) | |
| CITY OF OKLAHOMA CITY, a ) | |
| municipal corporation, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court are the Motion to Remand, filed by Defendant City of Oklahoma City (Dkt. 9) and Plaintiff Locke Supply Company's Response (Dkt. 12). The City did not file a reply. For the reasons that follow, the Court **DENIES** the Motion (Dkt. 9).

### *Background*

The parties do not dispute the relevant facts. Section 50-14 of Chapter 50 of the Oklahoma City Municipal Code sets forth the method of calculating development fees to be assessed on new and expanded development and the procedures to dispute the calculation. It also provides for an appeal procedure before the Oklahoma City Board of Adjustment. Locke filed such an appeal, challenging the calculation of street development

1

fees assessed to its development. On February 14, 2024, the matter came before the Board, which voted 3-0 to deny the appeal.

On March 26, 2024, Locke filed a Petition for Injunction, Declaratory Judgment and Appeal from Final Order of The City of Oklahoma City Board of Adjustment in the District Court of Oklahoma County, Oklahoma. (Dkt. 1-1). In addition to appealing the Board's determination, Locke brings, among other things, a constitutional claim, arguing that Section 50-14 violates the Fifth and Fourteenth Amendments. On April 26, 2024, the City removed the case to this Court. The City now seeks remand of Locke's Appeal from the Final Order.

## *Legal Standard and Analysis*

"Federal courts are courts of limited jurisdiction[,]" which "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."[1] Among the powers that Congress has bestowed upon the courts is the power to hear controversies arising under federal law—federal-question jurisdiction—and controversies arising between citizens of different states—diversity jurisdiction.[2]

Additionally, 28 U.S.C. § 1367 grants federal courts power to hear all claims over which courts otherwise lack original jurisdiction if those claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or

---

[1] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted).

[2] 28 U.S.C. §§ 1331–1332.

controversy under Article III of the United States Constitution."[3] A claim is part of the same case or controversy if it "derive[s] from a common nucleus of operative fact."[4] Here, Locke's state law claims derive from a common nucleus of operative fact with its constitutional claims, so the Court has supplemental jurisdiction over them.

The parties do not dispute that the Court enjoys federal question jurisdiction over Locke's federal constitutional claims. The City seeks only a partial remand: of Locke's state-law based appeal. The City seems to think that the Court lacks supplemental jurisdiction over that appeal, but as explained above, that is incorrect. Of course, even with the power to hear those claims, the Court could decline to exercise supplemental jurisdiction over that appeal if any of the 28 U.S.C. § 1367(c) reasons for doing so existed. The City, however, makes no argument that they do.

### *Conclusion*

Accordingly, the Court **DENIES** the Motion (Dkt. 9).

**IT IS SO ORDERED** this 16th day of January 2025.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[3] 28 U.S.C. § 1367(a).

[4] *United Mine Workers of Am. v. Gibbs*, 383 U. S. 715, 725 (1966).